UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JEROME YAZZIE, | ) |
| Petitioner, | ) Civil No. 6:17-299-GFVT |
| v. | ) |
| J. RAY ORMOND, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Jerome Yazzie is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Yazzie filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] For the reasons set forth below, the Court will **deny** Yazzie's petition.

In 2012, a jury convicted Yazzie of five counts: (1) aggravated burglary; (2) robbery; (3) carrying, using, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); (4) kidnapping; and (5) using and carrying a firearm during and in relation to a crime of violence, also in violation of § 924(c).[1] The trial court sentenced Yazzie to a total of 40 years in prison.

Yazzie appealed his sentence, but the United States Court of Appeals for the Tenth Circuit affirmed. Yazzie then moved to vacate his sentence pursuant to 28 U.S.C. § 2255, and he argued, among other things, that his § 924(c) convictions should be set aside because the predicate offenses were not actually crimes of violence. The trial court, however, recently denied Yazzie's motion and denied him a certificate of appealability. While Yazzie could have

---
[1] The procedural history comes from Collins's petition [R. 1], as well as *United States v. Jerome Yazzie*, No. 1:11-cr-3108-PJK (D.N.M. 2012).

asked the Tenth Circuit for a certificate of appealability, it does not appear that he did so. Instead, Yazzie filed a § 2241 petition with this Court, and he repeats the same arguments he made in his § 2255 motion; in fact, Yazzie attached to his petition the exact same memorandum that he filed with the trial court in support of his § 2255 motion. [R. 1-1.]

Yazzie's § 2241 petition constitutes an impermissible collateral attack on his convictions. That is because while a federal prisoner may challenge the legality of his convictions on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Yazzie cannot use a § 2241 petition as a way of challenging his convictions.

It is true that, under certain limited circumstances, "a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). However, the Sixth Circuit has explained that this is only true when the prisoner is trying to rely on an intervening change in statutory law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). That is not the case here. Rather, Yazzie is simply trying to re-litigate arguments that he made in his recently denied § 2255 motion. That is not proper in a § 2241 petition.

Accordingly, it is hereby **ORDERED** as follows:

1. Yazzie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 2nd day of November, 2017.

*Gregory F. Van Tatenhove*
Gregory F. Van Tatenhove
United States District Judge